IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR- 61,443-01






EX PARTE REGINALD BLANTON








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 2000CR33452 


IN THE 399
th JUDICIAL DISTRICT COURT


BEXAR COUNTY




Per Curiam. Hervey, J., not participating.




O R D E R



 This is an untimely post conviction application for writ of habeas corpus filed pursuant to
the provisions of Article 11.071 § 4A, Tex. Code Crim. Proc.

 In August, 2001, applicant was convicted of the offense of capital murder and the jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc., and the
trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and
sentence on direct appeal. Blanton v. State, No. 74,412 slip op. (Tex. Crim. App. June 30, 2004)(not
designated for publication).

 Applicant's application was due in the trial court on July 27, 2003. The trial court granted
a 90-day extension of time, setting the new filing date at October 27, 2003. Tex. Crim. Code Proc.
art. 11.071 § 4(b) (convicting court may grant one 90-day extension upon finding of good cause). 
The application was not filed on that date and the trial court granted an additional 21-day extension,
setting the filing date at November 17, 2003. This extension was not authorized under the statute. 
Id. The application was filed on November 17, 2003. Because the application was not filed on or
before the October 27, 2003 deadline, it was untimely filed within the terms of Article 11.071. Id.
at § 4(c). We have reviewed the circumstances surrounding the untimely filing and conclude that
applicant has shown good cause for the late filing. Id. at § 4A. We hereby grant a 21-day extension,
and retroactively establish the filing date at November 17, 2003. 

 Applicant presents fifteen allegations in his application in which he challenges the validity
of his conviction and resulting sentence. An evidentiary hearing was held and the trial judge entered
findings of fact and conclusions of law. The trial judge recommended relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. We
adopt the trial judge's findings and conclusions. Based upon the trial court's findings and
conclusions and our own review, the relief sought is denied.

 IT IS SO ORDERED THIS THE 22nd DAY OF JUNE, 2005.


Do Not Publish